PER CURIAM.
Raymond Owes, the appellant, was convicted of trespass of an occupied structure and aggravated battery, receiving a sentence of eighty-six days incarceration for the trespass charge and fifteen years as both an habitual felony offender and a prison releasee reoffender for the aggravated battery, Owes challenges both his convictions and the aggravated battery sentence. While we affirm Owes’ convictions without further comment, we find merit in. his claim that the trial court should not have sentenced him as both an habitual felony offender and a prison re-leasee reoffender. In Grant v. State, 770 So.2d 655 (Fla.2000), the supreme court held that the prison releasee reoffender statute precludes imposition of a sentence other than a prison releasee reoffender sentence unless the other sentence is harsher and, thus, that equal concurrent sentences are not permitted. Consequently, we reverse the sentence imposed for the aggravated battery conviction and remand so that Owes can be sentenced as a prison releasee reoffender only. Owes need not be present for the resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN, C.J., STEVENSON and TAYLOR, JJ., concur.